## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | New Jersey |
|---|---|---|
| Name (under which you were convicted): Ankur Agarwal | | Docket or Case No.: 19-cr-00770 |
| Place of Confinement: FCI Ft. Dix Camp | PO Box 2000 Joint Base MDL, NJ 08640 | Prisoner No.: 71563-050 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. | | Ankur Agarwal |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
UNITED STATES DISTRICT COURT
District of New Jersey
50 Walnut St, Room 4015
Newark, NJ 07102

(b) Criminal docket or case number (if you know): 19-cr-00770

2. (a) Date of the judgment of conviction (if you know): September 3, 2020

(b) Date of sentencing: September 1, 2020

3. Length of sentence: 94 Months Imprisonment
3 yrs sup. rel., $300 assessment
$25,000 fine

4. Nature of crime (all counts):
INFORMATION
Counts One and Two --
Computer Fraud and Abuse, in violation of 18 USC §§ 1030(a)(2) and 1030(c)(2)(B)(iii); and
Count Three --
Aggravated Identity Theft, in violation of 18 USC § 1028A(a)(1)

5. (a) What was your plea? (Check one)

   (1) Not guilty ❏     (2) Guilty ☒     (3) Nolo contendere (no contest) ❏

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   N/A

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❏     Judge only ❏

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☒   No ☐
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐
9. If you did appeal, answer the following:
   (a) Name of court: US Court of Appeals for the Third Circuit
   (b) Docket or case number (if you know): 20-2890
   (c) Result: Judgment Affirmed
   (d) Date of result (if you know): February 3, 2022
   (e) Citation to the case (if you know): USA v. Agarwal, 24 F.4th 886 (3rd Cir 2022)
   (f) Grounds raised: Plea was Unknowing
   Arbitrary CFAA Loss Numbers
   Arbitrary Definitions of CFAA Loss

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
      If "Yes," answer the following:
      (1) Docket or case number (if you know):
      (2) Result:

      (3) Date of result (if you know):
      (4) Citation to the case (if you know):
      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☒   No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: US District Court -- District of New Jersey
        (2) Docket or case number (if you know): 19-cr-00770
        (3) Date of filing (if you know): April 15, 2022

(4) Nature of the proceeding: Opposition to Turnover of Funds
(5) Grounds raised: United States not entitled to seize prison account Funds.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?  Yes ☐  No ☒
(7) Result: Affirmed in Favor of Government
(8) Date of result (if you know): April 18, 2022

(b) If you filed any second motion, petition, or application, give the same information:
(1) Name of court: US District Court -- District of New Jersey
(2) Docket or case number (if you know): 19-cr-00770
(3) Date of filing (if you know): January 23, 2023
(4) Nature of the proceeding: Revise Fine Schedule of Payments
(5) Grounds raised: Inability to Pay

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?  Yes ☐  No ☒
(7) Result: Affirmed in Favor of Government
(8) Date of result (if you know): February 23, 2023

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
(1) First petition:  Yes ☐  No ☒
(2) Second petition:  Yes ☐  No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**
Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Continuation Page 6a, attached

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
Ineffective Counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:**
Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Continuation Page 6a, attached

Ineffective Assistance of Appellate Counsel

Introduction

Counsel neglected to carefully review the record to identify solid appellant issues before deciding to focus solely on challenging the "Loss Amount" under the CFAA statute -- i.e. 18 USC 1030.

Ground 1: Counsel's failure to find contested case law

Appellant counsel initially made a reasonable decision to question the loss calculations the Court relied upon to determine the CFAA Loss. The loss calculations were not subject to testing but balled on information submitted via affidavit.
However, it was an unsound decision to move forward with only challenging the technical merits of CFAA Loss as defined by the statute -- 18 USC 1030 -- especially when the courts across the country interpret the statute differently. There were other well-founded appealable issues available in the record which client raised at the district court. Appellant counsel built his argument on civil case law rulings while at the same time acknowledging the CFAA Loss definition the "Courts interpret differently across the country" and "the Third Circuit has never fully addressed." The Government in filing a brief in opposition argued there was no split among the circuits and "courts have held -- consistent" with the definition including the opinions cited by the appellant counsel in the defense brief. The Appeals Court did not review the merits of the CFAA Loss challenge.
The CFAA Loss argument was the linchpin that permitted the Appeals Court to take back the Plea Agreement or modify the $2.9 million loss. Further, the CFAA Loss was the sole argument, without consideration of which my appeal "died on the vine", due to the appeal waiver in the Plea Agreement.
It is unreasonable appellant counsel could have reviewed criminal case law and not have found precedents showing "Courts interpret differently across the country". Either the premise of the argument is unfounded or counsel relied on civil case law as a proxy for criminal case law.
There is an enormous difference between arguing the merits of CFAA Loss and arguing whether the appeal overcomes the appellate waiver. My appeal was instantly disadvantaged when the Appeals Court disregarded the former argument and based its decision on the latter. It turned Court review from the unique issues in my case to the unremarkable issues in every single appeal. Counsel's failure to find contested criminal case law undermined the premise of the argument.

Ground 2: Double-counting of enhancement

The Sentencing Hearing transcript documents the Defense's objection to applying a particular Sentencing Guidelines enhancement -- i.e. 2B1.1(b)(11)(B) production of an unauthorized access device. The objection was laid out both in the Sentencing Memo and at the Hearing. The basis for the objection was double-counting. Since there was a conviction of aggravated identity theft, it would be double-counting to enhance. The critical piece of argumentation was the fact pattern used to justify the enhancement. Defense argued the fact pattern showed the enhancement was double-counting. Government argued an alternative reading was possible.
It is unreasonable appellant counsel would have overlooked the alternative reading presented by the Government, especially as the PSR initially took a contrary view -- precluding the use of the enhancement. The sentencing courts have long espoused the principle double-counting is excessive in general, and case law has defined the test to subject to for 2B1.1(b)(11)(B) in specific to test whether double-counting occurred. It is unreasonable appellant counsel would not have put it to the test.

Ground 3: Enhancement for Personal Information

The Sentencing Hearing transcript also documents the Defense's objection to applying another particular Guidelines enhancement -- i.e. 2B1.1(b)(18)(A) intent to obtain personal information. The objection is quite simple at face value. The plain terms of the enhancement requires "intent". I have unequivocally stated from the outset my intent was not to obtain personal information. The Government must show and prove "intent" in order for the enhancement to apply. It is unreasonable appellant counsel would have left undisputed the Government's meeting its burden of proof.

Conclusion

Appellant counsel fell short. By limiting the appeal to CFAA Loss, my appeal was severely limited. Further, the Appeal Court did not consider the CFAA Loss challenge, causing my appeal to "die on the vine". Markers existed throughout the record cueing up appealable issues. Perfecting the appeal would necessitate raising each of the issues contained in above Grounds. It would not be expected the Appeal Court would sua sponte review each of the issues. My appeal was closed without consideration of the issues. Counsel neglected to carefully review the record to identify the issues.

## Ineffective Assistance of Counsel at Plea

### Ground 4

On April 25, 2018, a Criminal Complaint was filed against Ankur Agarwal ("Mr. Agarwal"), charging him with Computer Fraud and Abuse, in violation of 18 USC § 1030. On April 26, 2018, Mr. Agarwal was arrested on the Criminal Complaint. After appearance before United States Magistrate Judge Hon. Mark Falk, Mr. Agarwal was released on a $100,000 Unsecured Appearance Bond. On April 30, 2018, the Court entered a "nunc pro tunc" Continuance of Mr. Agarwal's "30-day" Speedy Trial Right under the Speedy Trial Act of 1974 and thereafter, the Court entered eight (8) additional Continuances delaying the Government's obligation to bring an Indictment or Information against Mr. Agarwal within the mandatory "30-day" period in the Act. After a delay of approximately one and a half (1½) years, the Government finally came with an INFORMATION. The INFORMATION was dated dated October 22, 2019. On the same day as the INFORMATION, Mr. Agarwal was presented with a "waiver of indictment" which he signed on advice of counsel. He also entered an Application for permission to enter a guilty plea which, again, he signed on advice of counsel. Additionally, on October 22, 2019, Mr. Agarwal signed a Plea Agreement on advice of counsel and entered a Guilty Plea to the three (3) Counts in the INFORMATION charging him with Computer Fraud and Abuse, in violation of 18 USC § 1030; and Aggravated Identity Theft, in violation of 18 USC § 1028A(a)(1). In advising Mr. Agarwal to plead guilty, counsel did not advise Mr. Agarwal that he had a Speedy Trial Act right to "mandatory" dismissal of all charges.

### Ground 5

Mr. Agarwal was not, also, advised by the Court, nor his Attorney, that he had a "mandatory" right to dismissal of all charges but by pleading Guilty, he was "waiving" his right to dismissal of the charges under the Speedy Trial Act of 1974 because the Government failed to bring an Indictment or Information within the "30-day" period required under the Act.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective Counsel

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**
Ineffective Assistance of Appellate Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Continuation Page 6b, attached

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:
Ineffective Counsel

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**
Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
See Continuation Page 6c, attached

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:
Ineffective Counsel

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐ No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐ No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
Grounds Four and Five. Initial 2255 Motion.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ❑  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:   Terry Webb, Esq.
                              Attorney-At-Law
                              Morristown, NJ
(b) At arraignment and plea:  Samuel M. Braverman, Esq.
                              Attorney-At-Law
                              225 Broadway, Suite 715, New York, NY 10007
(c) At trial:                 N/A

(d) At sentencing:            Same as above

(e) On appeal:  Tor B. Ekeland, Esq.
Attorney-At-Law
30 Wall St, 8th Floor, New York, NJ 10005

(f) In any post-conviction proceeding:
N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

```
Pro se Petitioner Ankur Agarwal filed original 2255 motion
on April 27, 2023.  The case to which the original 2255
motion belongs was administratively terminated by Court
Order dated May 11, 2023. Further, the Court ordered if
the case is re-opened, "it is not subject to the statute
of limitations time bar if it was originally filed
timely."  In order to re-open the case Petitioner shall
file a "complete, signed" 2255 "on the appropriate form"
"within 30 days of the entry of the Order."  Ankur Agarwal
re-files per the instructions on the Order.
```

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

      (1) the date on which the judgment of conviction became final;

      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

Vacate Conviction and Sentence and Dismiss INFORMATION with prejudice.

or any other relief to which movant may be entitled.

---
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

May 6, 2023         (month, date, year).

Executed (signed) on  May 6, 2023  (date).

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.

Executed (signed) on      May 6, 2023           (date)

Signature of Movant    _[signature]_

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

N/A