

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Clara Kim*
*Assistant United States Attorney*

970 Broad Street, 7ᵗʰ floor
Newark, New Jersey 07102

973-645-2700
Fax: 973-645-2702

July 18, 2023

**VIA ECF**

The Hon. Susan D. Wigenton, U.S.D.J.
United States District Court
Martin Luther King, Jr. Federal Building
   and United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:   Ankur Agarwal v. United States
             Civil No. 23-2479 (related to Crim. No. 19-770-SDW)

Dear Judge Wigenton:

    The Government respectfully requests that the Court enter an Order that would permit the former defense attorney for Ankur Agarwal, Samuel M. Braverman, Esq. and former appellate counsel for Ankur Agarwal, Tor B. Ekeland, Esq. (collectively, "Former Counsel") to disclose to the Government otherwise privileged communications that have been placed in issue by Mr. Agarwal's claims of ineffective assistance of counsel. The Government also asks that the Court permit Former Counsel to provide the Government documents that bear on those ineffective assistance of counsel claims.

    An ineffective assistance of counsel claim typically permits the counsel who provided that assistance to voluntarily disclose confidential client information that is reasonably necessary to refute the claim. That is because the claim implicitly waives the attorney-client privilege for communications implicated by that claim. *Ragbir v. United States*, Civ. No. 17-1256, 2018 WL 1871460, at *2 (D.N.J. Apr. 19, 2018) ("[W]hen a petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the

attorney-client privilege with respect to those communications.") (citation omitted).[1]

In his § 2255 motion, Mr. Agarwal alleges that his defense attorney, Mr. Braverman, failed to explain the Speedy Trial Act consequences of signing a waiver of indictment and plea agreement at his plea hearing and generally failed to convey a "mandatory" right to dismissal based on the Speedy Trial Act. Mr. Agarwal further alleges that his appellate counsel, Mr. Ekeland, in perfecting the direct appeal failed to find proper case law regarding loss calculations under the CFAA and failed to argue against two sentencing enhancements. To better assess and respond to Mr. Agarwal's claims, it is reasonably necessary for the Government to interview Former Counsel regarding these communications and strategic decisions, and to review any documents relevant to resolving his claims. The proposed Order would give Former Counsel assurance that providing this information will not violate their ethical duties.[2]

Therefore, the United States respectfully requests that the Court permit Former Counsel to discuss the substance of their representation of Mr. Agarwal and to provide the Government documents that bear on the ineffectiveness claims. In addition, the United States respectfully requests an extension of 60 days for submitting a response, to have sufficient time to discuss this matter with Former Counsel. For the Court's convenience, attached is a Proposed Order.

---

[1] *See, e.g.*, *United States* v. *Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) *cert. denied* 130 S.Ct. 1548 (2010); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc); *Johnson* v. *Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *Tasby* v. *United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner* v. *United States*, 373 F.2d 326, 327 (5th Cir. 1967).

[2] Under the Model Rules of Professional Conduct, a lawyer may reveal information reasonably necessary to respond to allegations concerning the lawyer's representation of the client. Comment 5 to Model Rule 1.6 defines confidential information to include "not . . . only matters communicated in confidence by the client but also to "all information relating to the representation, whatever its source." *See*, M.R.P.C. R. 1.6 cmt.[3] (2009). Hence, information relevant to an ineffective assistance of counsel defense would be covered by Rule 1.6. The self-defense exception to the duty of confidentiality permits a lawyer to disclose otherwise confidential client information to the extent he reasonably believes is necessary to 'respond to allegations in any proceeding concerning the lawyer's representation of the client[.]" M.R.P.C. R. 1.6(b)(5). Accordingly, defense counsel would be permitted to disclose only as much information as reasonably necessary to defend against the allegations. *See,* M.R.P.C. R. 1.6 cmt. 14; *Nat'l Mortgage Equity Corp.* v. *Mortgage Pool Certificates Sec. Litig.*, 120 F.R.D. 687, 692 (C.D. Cal. 1988); *Adelman* v. *Adelman*, 561 So. 2d 671, 673 (Fla. Dist. Ct. App. 1990); *Fellows* v. *Keating*, No. 3913, 1988 WL 32968, at *2 (Ohio Ct. App. Mar. 11, 1988).

Thank you for your consideration of this request.

                                          Respectfully submitted,

                                          PHILIP R. SELLINGER
                                          United States Attorney

                       By:    <u>/s Clara Kim</u>
                                Clara Kim
                                Assistant U.S. Attorney

cc:    Ankur Agarwal, *pro se* (by first class mail)
       Reg. No. 71563-050
       FCI Fort Dix
       Federal Correctional Institution
       Satellite Camp
       P.O. Box 2000
       Joint Base MDL, NJ 08640