**United States District Court**
**District of New Jersey**

| | | |
|---|---|---|
| Ankur Agarwal | : | Hon. Susan D. Wigenton |
| | : | |
| v. | : | Civ. No. 23-2479 |
| | : | |
| United States of America | : | <u>Order</u> |

This matter comes before the Court upon an application by the United States (Philip R. Sellinger, United States Attorney for the District of New Jersey, by Clara Kim, Assistant U.S. Attorney, appearing), upon notice to petitioner Ankur Agarwal, *pro se*, for an Order granting the Government permission to interview petitioner's former defense attorney, Samuel M. Braverman, Esq., and former appellate counsel, Tor B. Ekeland, Esq., in connection with the Government's preparation of its response to petitioner's pending motion to vacate, set aside or correct his sentence pursuant to Title 28, United States Code, Section 2255;

WHEREAS, that motion alleges, *inter alia*, that Mr. Braverman failed to explain the Speedy Trial Act consequences of signing a waiver of indictment and plea agreement at his plea hearing and generally failed to convey a "mandatory" right to dismissal based on the Speedy Trial Act; and that Mr. Ekeland in perfecting the direct appeal failed to find proper case law regarding loss calculations under the CFAA and failed to argue against two sentencing enhancements.

WHEREAS, a court order would protect Mr. Braverman and Mr. Ekeland in communicating with the Government so as to not run afoul of the professional

rules of conduct regarding the confidentiality of attorney-client communications; and

WHEREAS, the law being clear that, by raising ineffective-assistance of counsel claims that bear on communications with his counsel, Agarwal has waived his privilege to keep those communications confidential, and for good and sufficient cause shown; and

WHEREAS, the Government requests a 60-day extension of time to respond to allow sufficient opportunity to discuss the matter with and receive documents from Mr. Braverman and Mr. Ekeland,

IT IS THE FINDING OF THIS COURT that:

1.  Petitioner's claim of ineffective assistance of counsel implicitly waives the attorney-client privilege with respect to communications with petitioner's attorney necessary to prove or disprove petitioner's allegations. Accordingly, Mr. Braverman and Mr. Ekeland may submit to an interview by Government counsel for the purpose of providing all reasonably necessary information concerning petitioner's claims of ineffective assistance of counsel, including providing any documents that will aid in this discussion;

2.  The Government's interviews of Mr. Braverman and Mr. Ekeland are reasonably necessary to facilitate its response to, as well as this Court's consideration of, petitioner's pending motion pursuant to 28 U.S.C. § 2255.

WHEREFORE, it is on this 24th day of July, 2023,

ORDERED that the Government may interview petitioner's former defense counsel, former defense attorney, Samuel M. Braverman, Esq., and former appellate counsel, Tor B. Ekeland, Esq., who shall provide all reasonably necessary information for the Government to respond to the ineffective assistance of counsel allegations raised by Agarwal.

ORDERED that the Government's request for an extension of time to respond is granted.  The Government's response to Mr. Agarwal's § 2255 motion is due on October 3, 2023.

_____
HON. SUSAN D. WIGENTON
United States District Court Judge