**Exhibit 3**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANKUR AGARWAL,  :
    Petitioner  :   Hon. Susan D. Wigenton
      :
v.  :   Civ. No. 23-2479
      :
UNITED STATES OF AMERICA,  :   Crim. No. 19-770
    Respondent  :

DECLARATION OF TOR B. EKELAND, ESQ.

Pursuant to 28 U.S.C. § 1746, Tor B. Ekeland, Esq., says:

1. I am an attorney duly admitted to practice law in New York. I have been practicing law for 16 years. During my career, I have handled numerous federal criminal cases, including 5 federal criminal trials. I have also worked on 5 appeals of federal criminal convictions.

2. I submit this Declaration in response to Petitioner Ankur Agarwal's ("Agarwal") motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

3. On or about December, 2020, I was retained to represent Agarwal in *United States v. Agarwal*, Crim. No. 19-770, in connection with Agarwal's appeal of his sentence. Throughout his case, I remained in contact with Agarwal and discussed with him, among other things, the facts of his case, issues he could appeal, and likelihood of success of those issues.

4. As part of my review of the record, I reviewed the sentencing submissions and sentencing transcript, along with the final Presentence Investigation Report. I knew that in calculating Agarwal's Guidelines exposure, the Court agreed at sentencing with the Probation Office's determination to apply

a loss amount enhancement finding that loss was over $1.5 million (pursuant to U.S.S.G. § 2B1.1(b)(1)(I)) resulting in a 16-level increase, the enhancement relating to production of unauthorized access devices (pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i)) resulting in a 2-level increase, and an enhancement relating to intent to obtain personal information (pursuant to U.S.S.G. § 2B1.1(b)(18)(A)) resulting in a 2-level increase, among other Guideline enhancements related to specific offense characteristics.

5. In considering the various issues Agarwal could raise, I decided—in conjunction with Agarwal—to raise the claim that his plea was unknowing because the loss amounts related to the CFAA claims were not reasonably foreseeable. The loss amounts significantly impacted his Guidelines range. I argued that the loss amounts posited by the Government—and ultimately decided on by the Court—were too high and inaccurately calculated for Agarwal's plea to be knowing.

6. With respect to Agarwal's assertion that I did not find "proper" case law to support the Computer Fraud and Abuse Act (CFAA) arguments regarding the loss amount enhancement, I note that most CFAA cases are civil cases because the CFAA is a dual criminal-civil statute, and the case law has developed more on the civil side. I have represented numerous clients facing charges under the Computer Fraud and Abuse Act (CFAA) and am known to be one of the top practitioners in this field. My first CFAA case, *United States v. Andrew Auernheimer*, was before this honorable Court. I believed Agarwal had a supportable appellate argument regarding CFAA loss calculations and included

support for that argument in my appellate brief.

7. I did not argue on appeal the applicability of the sentencing enhancements relating to the production of unauthorized access devices (pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i)) and relating to intent to obtain personal information (pursuant to U.S.S.G. § 2B1.1(b)(18)(A)) because I did not think they were meritorious arguments. Nor do I recall Agarwal specifically raising these arguments with me—and if he had, I would have discussed it with him and stated my reasons for not including them in my appellate brief.

8. In crafting my appellate brief, I decided to limit my arguments to those that I believed in my professional opinion would be most advantageous to Agarwal's case.

9. Generally, I recall Agarwal to be a very detail-oriented client. My records reflect that I was in communications with Agarwal through Corrlinks (a prisoner email system) and phone regularly throughout my representation of him from on or about December, 2020 to on or about May, 2022, when we terminated the representation for nonpayment. I recall that I had numerous telephone conversations with him about the substance of the appellate brief and sent him drafts to review as well. In fact, I believe that in total, I spent about dozens of hours working on Agarwal's case over the course of our representation, as the filed appellate briefs attest. Mr. Agarwal's case was maintained on a prior practice management system than the one the Firm uses now, and although we have archived his records and case file, the exact amount of time spent on his case cannot be calculated without substantial work reviewing the archived case

file. The archived case file contains drafts, communications, and substantial records from his case that were reviewed in preparation for the filing of his brief with the Third Circuit Court of Appeals.

10. I am happy to answer any questions the Court may have regarding this matter.

\* \* \*

11. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: September 20, 2023
Alexandria, Virginia

_____
TOR B. EKELAND, ESQ.