UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br>v.<br>ANKUR AGARWAL,<br>Petitioner, pro se. | Civil Action No 23-2479 (SDW)<br>In re Criminal No 19-cr-00770-SDW<br><br>MOTION TO SUPPLEMENT §2255 |

## INTRODUCTION

In permitting the Petitioner to supplement his amended §2255 motion, Judge Wigenton directed Petitioner (under D.E. 13) "file an amended §2255 motion within 21 days." Notwithstanding claims in Petitioner's motion to supplement are time-barred since the filing is more than year after his conviction became final, courts have permitted a petitioner to add new claims. See, for example 2021 US Dist Lexis 86691 (3rd District):

Lee can add "new claims" to his timely filed §2255 motion if those claims "are tied to a common core of operative facts" as the original motion. Hodge v. United States, 554 F.3d 372,378, 51 V.I. 1140 (3rd Cir 2009).

The new development which arose from Petitioner's retrieval of BoP Corrlink emails, which are both relevant and critical, provide a basis to supplement the amended §2255 as governed by Federal Rule of Civil Procedure 15(d):

...The court may, on just terms, permit a party to serve a supplement pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or a defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The Court has done just that in the order contained in D.E. 13.

After completing the BoP Corrlink retrieval, Petitioner discovered additional grounds for ineffective assistance of counsel -- i.e. Grounds 6 and 7 -- both related to loss amount. Petitioner expected his attorney to make arguments, which his attorney did do, but not feeble arguments for a lower loss amount. To clarify the ineffective assistance of counsel claims, although Petitioner had, and continues to have, a good faith basis to believe the Government's loss amount was over-reaching, Petitioner <u>did not</u> have expectations defense would peremptorily prevail in the sentencing, but he <u>did</u> have expectations defense counsel would make a sufficient showing, as further set forth by Grounds 6 and 7, consequences of said insufficiency clearly establishing ineffective assistance of counsel.

The Supplement follows.

RECEIVED<br>S. DISTRICT COURT<br>RICT OF NEW JERSEY<br>CLERK

[Editorial note: The supplemental Grounds 6 and 7 are almost an exact facsimile of the Grounds 6 and 7, respectively, produced in the original Motion to Supplement (D.E. 12). The following revisions are made:

1. Ground 6: Typographical error is corrected in the last paragraph, replacing "understated" with "overstated" -- "... cannot be overstated as over 90% ..."

2. Ground 7: Typographical error is corrected in the first paragraph, replacing "affidavits" with "declarations" in 2 instances.

3. Ground 7: Citation to the declarations is added to the first paragraph -- namely "Criminal ECF D.E. 48, Exhibits J, K."]

Supplement to §2255

Petitioner incorporates the grounds for relief in the amended §2255 motion (Civil ECF D.E. 4), dated June 15, 2023, and supplements them with 2 additional grounds for ineffective assistance of counsel:

- Counsel was ineffective for failing to request a separate evidentiary hearing to determine loss amount
- Counsel was ineffective for failing to retain an expert witness in advance of the sentencing hearing.

Petitioner will expound in a later filing how these 2 additional grounds, and indeed each of the §2255 grounds, satisfy the Strickland 2-prong test, but for now Petitioner asserts he suffered prejudice due to ineffective assistance of counsel and seeks to admit these 2 grounds.

Ground 6: Counsel was ineffective for failing to request a separate evidentiary hearing

Petitioner's case here was one with substantial disagreement over figures supplied by the Government of loss amount to be used for sentence enhancement. Rather than stipulate a precise amount, the plea agreement (Criminal ECF D.E. 31) stipulated on Schedule A, Page 9:

a. The parties reserve a right to take any position with respect to loss amount at sentencing.

The Government referred to a comprehensive analysis that only they supplied (Criminal ECF D.E. 46). The Defense attacked the Government's calculations in its own sentencing memo (Criminal ECF D.E. 47) as well as during the sentencing hearing, but never offered a counter analysis from either an expert witness or competent evidence of its own. There was really no extensive oral arguments on the calculations because there was no "audit" upon which to base arguments. Of course, Probation produced a pre-sentence report (PSR) which included analysis of the loss amount, but the PSR relied almost exclusively on Government-supplied data and cannot be construed as an independently-derived product much less as an "audit". Requesting an evidentiary hearing or requesting one with an expert in the technical definition of loss under Computer Fraud and Abuse Act (CFAA) challenging the Government's numbers would have been the proper way to proceed.

The Government's expert calculation of loss failed to explain what the victim companies suffered to incur the loss:

- Was the loss amount sufficiently related to the harm caused by the Petitioner's crimes, or arbitrary to other harms the victim company chose to report?
- Did the victim company have a grasp of how to report loss under the CFAA setting when interfacing with the Government?
- Was the thousands of hours of lost productivity victim companies came forward to report a reasonable inclusion under the CFAA setting?

These are all questions which were left un-answered and could have been

soberly examined with precision rather than being swept under with a broad stroke, and if necessary, any excludable amounts deducted from the total loss offered for enhancement. The significance of this examination cannot be overstated as over 90% of the total loss was attributed to lost productivity. There was also the issue of counsel failing to take steps to investigate the loss amount, which would be a pre-requisite preamble to an evidentiary hearing.

Ground 7: Counsel was ineffective for failing to retain an expert witness in advance of the sentencing hearing

Did the unprofessional performance of defense counsel's failure to pursue contested facts prevent the examination of loss that could have likely resulted in a different outcome at sentencing? Petitioner contends the expert testimony of a loss expert would have been a major key in challenging the correctness of the Government's key data -- the loss figures. An experienced and highly-qualified expert would be prepared to testify as to the reasonableness of claimed amounts based on case law. Defense counsel made arguments for which he had no experience on the underlying case law or otherwise competent evidence in the alternative, which Petitioner concedes was sufficient for the Defense to register their objection to the Government's loss claim, but was insufficient to provide vigor to the argument. To enhance the loss claim's gravamen, the Government produced declarations from the general counsel of each of the victim companies (Criminal ECF D.E. 48, Exhibits J, K). The loss expert would have confirmed the general counsel's understanding of what he did -- namely the 3 questions above in "Ground 6" - rather than leave un presented any arguments with respect to the declarations. As a result of these shortcomings, which clearly establishes prejudice for ineffective assistance of counsel, this sentencing court ruled in favor of the Government.

The Government has repeatedly argued that there is no prejudice even with the provision, arguendo, of accepting Petitioner's claimed ineffective assistance of counsel due to the formidable effort of making an order of magnitude reduction to the $3.1 million loss amount which was at the top of the guidelines range. By making such an argument the Government actually supports a claim of prejudice for failing to comply with the professional standards of a defense attorney. In fact, the foregoing argument by the Government clearly undermine their confidence that the loss amount <u>can</u> withstand examination by an expert witness and that Petitioner <u>cannot</u> show prejudice for his ineffective assistance of counsel claim. Not only would the CFAA expert surface legal issues which Defense would want to impress upon the sentencing judge (and defense counsel did not formulate), but the expert would make plain precedent so that the fact-finders can sift through what to include or exclude from loss (and defense counsel did not do). Admission of expert testimony would serve the greater ends of justice, rather than solely the parochial interests of the Defense.

It is quite possible the Government could have argued against the admission of expert testimony and persuaded the sentencing judge not to allow it at all, but that does neither diminish the importance of the expert nor excuse defense counsel's failure to call upon an expert as

"strategic decision-making". In fact, it would be assumed the Government would welcome admission of expert testimony, so as to not to give the appearance the denial of the admission of the expert gave the ability for the Government to sandbag the Petitioner's case. The only avenue available to Petitioner, at this point, would be for the court to find prejudice for Petitioner's ineffective assistance of counsel claim because it is important enough even waiting 3 years after sentencing.

<u>Certificate of Service</u>

<u>Court Clerk</u>

United States District Court
District of New Jersey
Martin Luther King, Jr.
Federal Bldg and US Courthouse
50 Walnut Street
Room 4015
Newark, New Jersey 07102

Certified Mail Number:
7019 0700 0001 1873 4842

<u>US Attorney's Office</u>

Clara Kim, AUSA
970 Broad Street
Suite 700
Newark, New Jersey 07102

via First Class Mail

Respectfully submitted

*[signature]*

Ankur Agarwal, pro se
Reg. #71563-050
FCI Ft. Dix Satellite Camp
PO Box 2000
Joint Base MDL, NJ  08640

Date: January 15, 2024