

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

February 29, 2024

**VIA ECF**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King, Jr. Building &
   United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

> RE: *Ankur Agarwal v. United States*
> Civ. No. 23-2479; Crim. No. 19-770

Dear Judge Wigenton:

Please accept this letter brief as the Government's supplemental response to Defendant Ankur Agarwal's ("Agarwal") *pro se* supplemental motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* D.N.J. Civ. No. 23-2479, ECF No. 14. In the motion, Agarwal adds two new claims of ineffective assistance of counsel against his former defense attorney, Samuel M. Braverman, Esq. ("Braverman"). For the reasons set forth below, this Court should deny the motion without an evidentiary hearing and decline to issue a certificate of appealability.

**I.   Background**

On October 3, 2023, the Government filed its response to Agarwal's § 2255 motion, which requested five grounds for relief. ECF No. 9. For the sake of efficiency, the Government incorporates by reference the background facts, procedural history, and argument with respect to those five grounds (*see* ECF No. 9) and in this filing, will turn directly to newly raised grounds.

Agarwal alleges the following two additional grounds for relief based on Braverman's alleged deficiencies:

- Ground 6: failure to request a separate evidentiary hearing regarding loss calculations under the Computer Fraud and Abuse Act ("CFAA"); and

- Ground 7: failure to retain an expert witness in advance of the sentencing hearing.

*See* ECF No. 14, at 3-5.

## II. Legal Standard

A motion under 28 U.S.C. § 2255 is a collateral attack on the legality of a sentence. *See Jones v. Hendrix*, 599 U.S. 465, 473 (2023). Section 2255(a) provides that a federal prisoner may challenge his or her sentence only if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." The Supreme Court has construed the statute narrowly, such that a claim is cognizable only if there was a "fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962).

As relevant here, ineffective-assistance-of-counsel claims are cognizable under § 2255 only if they rise to the level of a Sixth Amendment violation. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). A defendant must therefore show *both* that: (1) counsel's performance fell below an objective standard for reasonableness under prevailing standards of professional norms; and (2) that counsel's failures prejudiced him or her. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Under the first *Strickland* prong, Agarwal must demonstrate that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. In other words, Agarwal must show that counsel's performance fell below "prevailing professional norms" and was "outside the wide range of professionally competent assistance." *Id.* at 690. A court reviewing counsel's performance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged actions might be

2

considered sound trial strategy." *Id*. at 689.  Indeed, upon review, the court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Under the second *Strickland* prong, Agarwal also must show that he suffered prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability," in turn, is "a probability sufficient to undermine confidence in the outcome" of the case. *Id.*  The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).  Given that standard, in analyzing the prejudice prong, a court must consider the strength of the evidence.  *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999).  When there was overwhelming evidence, the defendant usually cannot show that he was prejudiced by counsel's mistakes unless he or she can provide "a considerable amount of new, strong evidence to undermine" his conviction.  *Saranchak v. Beard*, 616 F.3d 292, 311 (3d Cir. 2010).

If either *Strickland* prong is not satisfied, the claim must be rejected.  466 U.S. at 697. Notably, nothing prevents a court from analyzing whether the defendant has proven prejudice, and if he has not, rejecting the claim without ever analyzing counsel's performance. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *see Smith v. Robbins*, 528 U.S. 259, 286, n.14 (2000).

District courts must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  This determination involves a two-pronged inquiry. First, the district court must consider all nonfrivolous factual claims as true.  *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021); *see United States* v. *Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) ("In considering a motion to vacate a defendant's sentence, the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."). "Second, it must 'determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel.'" *Arrington*, 13 F.4th at 334 (quoting *United States v. Dawson*, 857 F.2d 923, 927-28 (3d Cir. 1988)).  If a § 2255 motion "clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing." *Dawson*, 857 F.2d at 928.  As the Third Circuit has explained, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing." *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Mayberry* v. *Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)).  *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that the court is not required to accept or further investigate "vague and conclusory allegations").

3

### III.   Argument

#### A.   The New Claims Are Untimely.

First, Agarwal's new claims are untimely.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. I, 110 Stat. 1217, a defendant has one year within which to file a § 2255 motion. The one-year period runs from the latest of four specified events, the most common one being "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Agarwal's initial motion was timely under § 2255(f)(1), as it was filed within one year of his judgment's becoming final on direct review. *See* ECF No. 9 at 3 (conceding timeliness). But the statute-of-limitations analysis proceeds "on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004) (so holding with respect to identically worded AEDPA provision governing § 2254 petitions). Because the new claims are brought outside the one-year period prescribed in § 2255(f)(1), and because Agarwal does not plead any of the other three triggering events prescribed in § 2255(f)(2)-(4), his new claims can be timely only if they "relate back" to a claim brought in his initial § 2255 motion. *See* Fed. R. Civ. P. 15(c); *see also Mayle v. Felix*, 545 U.S. 644 (2005) (explaining standard).

Claims relate back to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c). In the habeas context, the Supreme Court has rejected a reading of "conduct, transaction, or occurrence" to mean same "trial, conviction, or sentence." *Mayle*, 545 U.S. at 664. However, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* Naturally, the inquiry is fact specific.

Here, the two new claims do not relate back to any of Agarwal's original five grounds and therefore are untimely. There is no common core of operative facts. *Hodge*, 554 F.3d at 378 (new claims relate back if they arise from the same conduct, transaction, or occurrence); *see United States v. Duffus*, 174 F.3d 333, 336–38 (3d Cir. 1999) (affirming denial of motion to amend to bring a claim time-barred under § 2255(f)). Granted, Agarwal previously raised alleged deficiencies with Braverman on Grounds 4 and 5 in his original § 2255 motion. ECF No. 9. But none related to Braverman's performance vis-à-vis the Guideline enhancement regarding loss amounts. And Argawal knew of any deficiency in the performance of sentencing counsel the moment he was sentenced and so had every incentive to include those claims in his timely filed § 2255 motion. He in fact raised arguments regarding appellate counsel's performance in his original pleading regarding loss amounts (but not against Braverman). He

4

cannot use Rule 15(c) to add new claims that do not relate back to his pending claims. *See Duffus*, 174 F.3d at 336–38; *see also Anderson v. Pennsylvania Attorney Gen.*, 82 Fed. Appx. 745, 751 (3d Cir. 2003) (finding that, in a case where a petitioner filed a motion for habeas relief based on ineffective assistance of counsel in a vague and conclusory manner with no supporting facts near the time of expiration of the limitations period, the petitioner was not permitted to file an amended pleading to add supporting facts later, because the amplified claims would "in effect, constitute an attempt to add a new claim or theory."); *compare with United States v. Santarelli*, 929 F.3d 95, 101-102 (3d Cir. 2019) (district court erred in denying petitioner's motion to amend her § 2255 motion where her original motion alleged ineffective assistance of trial and appellate counsel for failure to argue regarding PSR errors including an errant calculation with respect to the number-of-victims enhancement and her amended motion simply describes why counsel was ineffective by pointing to the fact that she was not eligible for the number-of-victims enhancement pursuant to versions of the Guidelines that were in effect at the time of alleged criminal activity).

In addition, equitable tolling is not applicable to these new claims. In extraordinary circumstances, the limitations period for a § 2255 motion may be equitably tolled. *See Ross v. Varano*, 712 F.3d 784, 798-99 (3d Cir. 2013). The Supreme Court has held that a litigant seeking equitable tolling of AEDPA's one-year statute of limitations bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Agarwal has not made such a showing that equitable tolling should apply to Grounds 6 and 7 and accordingly, this Court should not apply equitable tolling to these claims. *See Hartounian v. United States*, 2020 WL 2092873, at *5 (D.N.J. May 1, 2020).

### B. The New Claims Fail On The Merits.

If the Court were to consider the merits of Agarwal's claims, it nonetheless should reject them as meritless. At the core of Agarwal's allegations is his fundamental disagreement with the Court's acceptance of the Probation Office's calculation under the CFAA, which resulted in a 16-level enhancement to his base offense level and therefore raised his Guidelines range. *See* Sentencing Transcript at 40:14-41:25; Presentence Investigation Report ("PSR") ¶¶ 47. Agarwal blames this on Braverman's performance, faulting him for (1) not requesting a separate evidentiary hearing and (2) not retaining an expert in advance of sentencing. These gripes flunk *Strickland*'s two-prong standard.

As Agarwal acknowledges, the plea agreement he signed left open the issue of loss amount. ECF No. 14 at 3; *see* D.N.J. Crim. No. 19-770, ECF No. 31 at 9 ("The parties reserve the right to take any position with respect to loss amount at sentencing"). Agarwal seems to take issue with the Government's and Court's reliance on the PSR, rather than an "audit," and offers up specific questions that

5

the Government's analysis of loss calculations allegedly failed to address. ECF No. 14 at 3. Agarwal also seems to indicate that Braverman would have benefited from the guidance of an expert to assist him in making his arguments. *Id.* at 4. But Braverman did not have to do those things in order to provide the minimally competent representation the Sixth Amendment requires. Agarwal cites to no legal authority for these alleged deficiencies, and that is because there isn't any. *See United States v. Clark*, 652 Fed. Appx. 103, 105 (3d Cir. 2016) (Defendant's claim that his counsel was ineffective for failing to retain a forensic chemist to rebut the Government's expert witness was rejected because it failed to overcome the presumption that Defendant's counsel's decision not to employ an expert was strategic); *United States v. Caden*, 2007 WL 4372819, at *4 (E.D. Pa. Dec. 12, 2007) (courts seldom fine attorney's performance to be constitutionally deficient for failing to retain an expert because the decision is fundamentally a strategic choice).

Critiquing counsel's strategic decisions does not state a colorable § 2255 motion. Second-guessing counsel's strategy is all too easy, and *Strickland* warns against it. *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). The record clearly shows that Braverman vigorously objected to the enhancement regarding loss amounts both at the sentencing hearing, *see* Sentencing Transcript at 7:4-7; 11:19-15:10; 24:25-25:4, and in written submissions to the Court. This is a far cry from assistance falling below professional norms.

In addition, Agarwal does not explain how Braverman's alleged deficiencies prejudiced him. Braverman's advocacy for Agarwal was not deficient, and even if it were, Agarwal has failed to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Indeed, despite faulting Braverman for failing to secure an expert, Agarwal hasn't secured an expert (much less tendered an affidavit from one) showing how the loss amount would have been different had an expert been retained. Agarwal cannot meet *Strickland*'s prejudice element using "mere speculation about what the witnesses ... might have said." *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989); *see also Duncan v. Morton*, 256 F.3d 189, 201-02 (3d Cir. 2001) (habeas petitioner failed to establish *Strickland* prejudice when he failed to present any sworn testimony by the witnesses he claimed counsel should have investigated and called at trial); *Baskerville v. United States*, 2018 WL 5995501, at *13 (D.N.J. Nov. 15, 2018) ("In the § 2255 context, other courts have similarly found that a petitioner needs to provide a sworn statement of fact from the proposed witness regarding what they would have testified to if a § 2255 petitioner is to establish *Strickland* prejudice."), *aff'd*, 2021 WL 3578940 (3d Cir. Aug. 13, 2021).

6

In a situation where Agarwal is effectively accusing counsel of insufficient investigation, to show prejudice, Agarwal must make "a comprehensive showing as to what the investigation would have produced. The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming admissibility in court, would have produce a different result." *Hartounian*, 2020 WL 2092873, at *6 (internal citations omitted); *see United States v. Garvin*, 270 F. App'x 141, 144 (3d Cir. 2008) (claimant must show that but for the inadequate investigation, there is a reasonable probability exculpatory evidence would have been found which would undermine confidence in his conviction).

Agarwal simply appears to be unhappy with the Court's loss calculations—a claim he unsuccessfully advanced on direct appeal. While he complains that counsel should have done things differently, he has not shown how that would have mattered to the loss calculation, nor identified deficiencies in performance by counsel that meet the *Strickland* standard. With respect to loss calculations under the applicable Guideline, "[t]he court need only make a reasonable estimate of the loss," and that "[t]he sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence. For this reason, the court's loss determination is entitled to appropriate deference." U.S.S.G. § 2B1.1(b)(1)(I), cmt. n.3(C). Notably, at sentencing, the Government proposed a reduction in the loss calculation amount for Company 1 set forth by the Probation Office, a change which Braverman acknowledged and did not object to. *See* Sentencing Transcript at 5:17-6:3; 12:7-8. Agarwal envisions that perhaps an expert or an evidentiary hearing could have changed the loss amount calculation but has offered no evidence that either of those things would have led the Court to a different loss amount calculation. That is fatal.

For all of these reasons, the Court should deny the supplemental § 2255 motion without an evidentiary hearing.[1]

## IV.    This Court Should Deny a Certificate of Appealability

This Court also should decline to issue a certificate of appealability because Agarwal has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate should issue only where defendant has shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); *see also* Rule 11(a) of the Rules Governing Section 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

---

[1] Should the Court conclude that the claim does not fail on the papers, the Government respectfully requests leave to interview trial counsel and obtain a sworn affidavit regarding the two new claims in advance of any evidentiary hearing this Court may order.

7

## V. Conclusion

The Court should deny Agarwal's supplemental § 2255 motion because it is untimely and meritless. Agarwal has not pleaded facts demonstrating that he is entitled to relief under *Strickland*, so the Court should deny his supplemental § 2255 motion without an evidentiary hearing and decline to issue a certificate of appealability.

                  Sincerely,

                  PHILIP R. SELLINGER
                  United States Attorney

          By:  <u>s/ Clara Kim</u>
                Clara Kim
                Assistant United States Attorney

cc:   Ankur Agarwal, *pro se* (by mail)
      Reg. No. 71563-050
      FCI Fort Dix
      Federal Correctional Institution
      Satellite Camp
      P.O. Box 2000
      Joint Base MDL, NJ 08640